IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMMY L. GALER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-06-1092-HE |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Tammy L. Galer instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her supplemental social security income and disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who has recommended that the Commissioner's decision be reversed and the case remanded for further proceedings. The magistrate judge found that the administrative law judge failed to properly consider the plaintiff's allegations of pain in the residual functional capacity assessment.

The parties, having failed to object to the Report and Recommendation, waived their right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). See 28 U.S.C. § 636(b)(1)(C); LCvR72.1(a). Accordingly, the court adopts Magistrate Judge Bacharach's

Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED.**

Dated this 25TH day of June, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY L. GALER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1092-HE |
| | ) |
| MICHAEL ASTRUE, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Tammy Galer seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings in connection with the administrative law judge's assessment of pain.

I.   BACKGROUND

Ms. Galer applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 45-51, 215-17 (certified Nov. 4, 2006) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id.* at pp. 20-21, 220, 223. A hearing took place,[1] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform other work existing in the national

---

[1]   *See* Rec. at pp. 233-54.

economy.[2] The Appeals Council declined jurisdiction,[3] and the present action followed. As alleged by Ms. Galer, the administrative law judge failed to adequately consider pain in the residual functional capacity ("RFC").[4]

II. STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). To make this determination, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings . . . ." *Id.* at 1262. If the SSA's decision lacks substantial evidence, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

III. PAIN

The administrative law judge failed to properly consider the Plaintiff's allegations of pain in the RFC assessment.[5]

---

[2] Rec. at pp. 13-19.

[3] Rec. at pp. 4-6.

[4] Ms. Galer also alleges other errors in the administrative law judge's assessment of credibility and consideration of a treating physician's opinion. But the Court need not consider these arguments in light of the suggested reversal and remand for the erroneous assessment of pain. *See infra* pp. 2-9.

[5] The Defendant argues that the Plaintiff's argument is not sufficiently specific. Brief in Support of the Commissioner's Decision at pp. 6-7 (Apr. 10, 2007). The undersigned disagrees. In her brief, the Plaintiff argues that the administrative law judge had:

- analyzed credibility insufficiently, "especially" because "the medical record corroborate[d] [Ms.] Galer's testimony;"

2

A.   Objective and Subjective Evidence Concerning Ms. Galer's Pain

Beginning in July 2001, the Plaintiff began seeking treatment for abdominal pain. *See* Rec. at pp. 176-80, 182-93. In August 2001, Dr. Ajay Bhargava diagnosed the Plaintiff with a "[s]lightly pedunculated pancreatic duct." *Id.* at p. 171. In September 2002, Dr. Marilyn Hines began treating the Plaintiff for abdominal and low back pain and ultimately diagnosed her with pancreatitis. *Id.* at pp. 144-47, 154-57. Dr. Hines continued to see the Plaintiff and prescribed Oxycodone and Lortab to treat the pain.[6] *Id.* at pp. 135, 137, 140-41, 143, 145, 147, 153, 158, 164-69, 195-200, 204-207, 209-10, 241.

Twice in September 2003, the Plaintiff visited the Duncan Regional Hospital emergency room with complaints of abdominal pain. *Id.* at pp. 96, 105, 111-13. Doctors diagnosed Ms. Galer with "acute abdominal pain" and "chronic pancreatitis." *Id.* at pp. 105, 111. During the first emergency room visit, doctors found "extensive chronic infiltrative change in the tail of the pancreas with small cystic areas as well as multifocal calcifications

---

- improperly relied on sporadic daily activities, which should have been insufficient to infer an ability to perform substantial gainful activity; and

- improperly evaluated substantial allegations of pain in light of the record as a whole and based the determination "on mistaken observations from the medical record."

Plaintiff's Brief of Her Statement of Position with Authorities at pp. 8-9 (Jan. 25, 2007). These statements are sufficient, and the Court must consider whether the record provides substantial evidence for the administrative law judge's assessment of the pain. *See Hayden v. Barnhart*, 374 F.3d 986, 992 (10th Cir. 2004) (reversing for failure to consider an impairment even though the appeals court had been unsure about the extent of the claim).

[6]   "Oxycodone" and "Lortab" are narcotic drugs used to treat moderate to severe pain. *See* www.drugs.com/oxycodone.html; www.drugs.com/lortab.html.

3

in this region." *Id.* at p. 116. The radiologist attributed the observation to a "chronic" condition which was "related to the previous pancreatitis and pancreatic pseudocyst." *Id.*

In application materials and at the administrative hearing, Ms. Galer complained of intense and frequent flare-ups of pain. *Id.* at pp. 76-80, 238-40.

B.   <u>The Administrative Law Judge's Evaluation of Ms. Galer's Pain</u>

The administrative law judge concluded that the Plaintiff had the RFC to perform a wide range of sedentary work, adding that she could only occasionally bend forward at the waist, bend at the knees to come to rest on the knees, or bend downward by bending the legs and spine. *Id.* at pp. 17, 19.

C.   <u>Error in the Judge's Discussion</u>

As alleged by Ms. Galer, the administrative law judge did not properly evaluate the pain as part of the RFC assessment.

In evaluating the RFC, the SSA has provided specific guidelines for the consideration of a claimant's pain:

> In all cases in which symptoms, such as pain, are alleged, the RFC assessment must:
>
> - Contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;
>
> - Include a resolution of any inconsistencies in the evidence as a whole; and

4

- Set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.

The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.

Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, Westlaw op. at 7 (July 2, 1996).[7] The administrative law judge failed to follow the SSA's directives in evaluating Ms. Galer's pain.

At step two, the administrative law judge concluded that the Plaintiff had chronic pancreatitis. Rec. at p. 15. This condition is "capable of producing disabling pain ... whose etiology is not always clear, [that] may last for many hours or several days." *Bakalarski v. Apfel*, 131 F.3d 151, 1997 WL 748653, Westlaw op. at 2 (10th Cir. Dec. 3, 1997) (unpublished op.).

The pain associated with Ms. Galer's pancreatitis is supported by objective evidence in the form of:

- diagnoses and treatment from multiple physicians,
- tests results, and
- treatment with a narcotic pain reliever.

*See supra* pp. 3-4.

---

[7]  Social security rulings are binding on the administrative law judge. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

In the decision, the judge acknowledged the complaints of pain, but concluded that they were not sufficiently credible because Ms. Galer:

- could perform certain daily activities, and

- had not suffered any side effects from her medications.

Rec. at p. 17. This evaluation is based on a selective review of the record and lacks substantial evidence.

The administrative law judge indicated that the pain complaints were inconsistent with her activities, which the Plaintiff purportedly described as cooking, grocery shopping, reading romance novels and mysteries, watching television, visits with friends and relatives, and driving an automobile. *Id.* This characterization suggests that the Plaintiff had admitted an ability to perform these tasks unimpeded by pain. The suggestion is unsupportable.

When Ms. Galer discussed her daily activities, she described an average day: "I just lay in bed or on the couch. It hurts to move alot [sic], my stomach and back hurts to [sic] much[.]" *Id.* at p. 76.

In the same form, the SSA asked about the claimant's ability to prepare meals, cook, shop, read, and drive. *Id.* at pp. 77-80. The Plaintiff responded, pointing out that she generally needed help in many tasks because of her pain. *See infra* pp. 6-7.

For example, when asked if she could cook her own meals, Ms. Galer said that:

- she could cook only once or twice per week "depending on the pain," and

6

- she would cook supper if she had a good day, but did not cook much because she could "hardly eat."

Rec. at p. 77.

When asked if she shopped, Ms. Galer said that she would shop once per month for "[a] couple of hours depending on pain." *Id.* at p. 78. Even then, Ms. Galer added that she needed her daughters to help put items in the basket and would have to "stop and sit down alot [sic]." *Id.*

The Plaintiff also stated that she had occasionally read romance novels and mysteries and spent most of her time watching television or listening to the radio. *Id.* at p. 79.

Finally, the Plaintiff stated that she did drive, but needed help if she was in "alot [sic] of pain." *Id.* at p. 80.[8]

The administrative law judge ignored the repeated references to pain and concluded from these passages that the Plaintiff's activities had been inconsistent with her description of the subjective symptoms:

> Although she admitted to few activities at the time of the hearing, documents completed by the claimant show she has cooked occasionally, shopped for groceries, read romance novels and mysteries, watched television, visited with friends and/or relatives on an infrequent basis, and driven an automobile. She

---

[8] The administrative law judge disregarded responses in which the Plaintiff denied that she could perform the task because of pain. For example, Ms. Galer stated that she did not clean the house, launder clothes, or do other work around the house "[b]ecause of the pain." Rec. at p. 78. Similarly, she stated that she was not active in groups, adding that because of her pain she did not "feel like doing anything." *Id.* at p. 80. The judge did not discuss these responses when he described the Plaintiff's daily activities.

7

> has taken care of most personal needs and performed a variety of chores and other activities during the alleged period of disability. Her activities have not been inconsistent with the performance of substantial gainful activity.

*Id.* at p. 17. The judge's conclusions were selective and based on a distorted version of the Plaintiff's description of activities. *See Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the [administrative law judge] need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'" (citation omitted)).

A similar issue appeared in *Hamlin v. Barnhart*, 365 F.3d 1208 (10th Cir. 2004). There the administrative law judge discounted the plaintiff's complaints, reasoning in part that his television watching required attention and concentration that were inconsistent with his description of the pain. *See Hamlin v. Barnhart*, 365 F.3d at 1221. The Tenth Circuit Court of Appeals held as a matter of law that this reasoning was unsupportable, explaining: "There is no medical support whatsoever for this opinion. Nor may an '[administrative law judge] . . . rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain.'" *Id.* (citation omitted).

The administrative law judge's error here is similar. As in *Hamlin v. Barnhart*, the administrative law judge applied his own "medical" inferences about the claimant's ability to engage in certain tasks if he were experiencing the level of pain being claimed. But the judge here went even further. He described the activities by ignoring the claimant's repeated

8

statements that she needed help and was severely limited because of her pain. *See supra* pp. 6-7.

While selectively summarizing Ms. Galer's responses, the administrative law judge ignored the objective medical evidence corroborating the complaints. As discussed above, the judge acknowledged that Ms. Galer had chronic pancreatitis and the Tenth Circuit Court of Appeals has stated that this condition can produce "disabling pain" lasting "many hours or several days." *Supra* p. 5 (quoting *Bakalarski v. Apfel*, 131 F.3d 151, 1997 WL 748653, Westlaw op. at 2 (10th Cir. Dec. 3, 1997) (unpublished op.)).

The Plaintiff underwent treatment for the pain and doctors prescribed medication to control the symptoms. *See supra* pp. 3-4. The administrative law judge dismissed all of this evidence based on the Plaintiff's remark that she had not experienced side-effects from the medications. Rec. at p. 17; *see supra* p. 6. Ms. Galer was complaining about the pain rather than the side-effects from her medication. *See supra* p. 4. Inexplicably, however, the judge focused on the absence of side-effects in his assessment of the pain. Rec. at p. 17. In doing so, the judge apparently assumed that the medication had allowed the Plaintiff to function without the pain that she described. There is nothing in the record to support such an assumption.

The administrative law judge's assessment of the pain is not supported by substantial evidence and the Court should reverse and remand for further proceedings.

9

IV.  NOTICE OF RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. See 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 7, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 18th day of May, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge